MAYNARD W. FITZGERALD, Respondent, *v.* THOMAS J. LYONS, Appellant.

Fourth Department, October 26, 1972.

*O'Connor, Wilkin, Good & Lopat* (*William J. Wilkin* of counsel), for appellant.

*Manz, Manz & Diviak* (*Victor E. Manz* of counsel), for respondent.

MARSH, J. Plaintiff alleges in his complaint that he was proceeding south on the Buffalo Skyway near Fuhrmann Boulevard in Buffalo when the defendant struck the rear of his vehicle and injured him. The answer generally denies the allegations of

the complaint and it is averred as an affirmative defense that at the time of the accident defendant was a City of Buffalo employee; that he was in the course of his employment with the City of Buffalo when the accident occurred, while driving an automobile owned by the City of Buffalo; and that, although plaintiff had filed a timely notice of claim with the city, plaintiff had failed to commence the action within the one year and 90 days Statute of Limitations as provided by section 50-i (subd. 1, cl. [c]) of the General Municipal Law. The accident occurred on June 17, 1968 and a verified notice of claim against the City of Buffalo was served on August 20, 1968. It was asserted therein that the claim arose out of an accident between plaintiff and an employee of the city while operating a Department of Public Works vehicle. Without making the City of Buffalo a party, the summons and complaint were served on defendant on May 1, 1971, more than one year and 90 days after the occurrence of the accident. In his reply to defendant's affirmative defense plaintiff denied that at the time of the accident defendant was in the course of his employment with the City of Buffalo.

Thereafter, the defendant moved for summary judgment dismissing plaintiff's complaint on the ground that the action had not been timely commenced. Plaintiff opposed the motion again on the sole ground that defendant was not acting within the scope of his employment at the time of the accident. Defendant's motion was denied.

Section 50-b of the General Municipal Law provides that a municipality shall be liable and shall indemnify employees who are found liable for negligence in the operation of a municipally owned vehicle if the employee is discharging a statutory duty or is acting in the discharge of his duties or is within the scope of his employment. Where a municipal employee is operating a municipally owned vehicle within the scope of his employment at the time of an accident and is entitled to be indemnified under section 50-b, the municipality is the real party defendant in interest and the provisions of sections 50-e and 50-i of the General Municipal Law relative to the service of a notice of claim and the short Statute of Limitations of one year and 90 days are applicable to any action against the employee arising therefrom (*Van Tassel* v. *Hill*, 285 App. Div. 584; *Sorge* v. *City of New York*, 56 Misc 2d 414; *Hahin* v. *City of Buffalo*, 41 Misc 2d 1018; see, also, *Sandak* v. *Tuxedo Union School Dist. No. 3*, 308 N. Y. 226).

Plaintiff has had an examination before trial of the defendant, a transcript of which is a part of defendant's moving papers.

Defendant testified that he was employed as an engineer in charge of the Utility and Franchise Department, Division of Engineering for the City of Buffalo, and had an office in the City Hall. He was a liaison man with those who have a franchise with the City of Buffalo and public utilities and also was in charge of checking oil pollution in the Buffalo River. On the day of the accident he was working out of his City Hall office. His duties called for him to be on the streets every day checking on various matters and also at Seneca Street, the headquarters for the Engineering Department. At that time he resided in Hamburg. A city automobile was assigned to him as well as to all other associate engineers; gas and all operational expenses were provided by the city, and usually no one but the defendant drove the automobile. He testified that he was allowed to take the city-owned vehicle home and drive it to work because he, as well as all associate engineers, was on 24-hour call. He was allowed to drive the automobile home so that he would be prepared to respond to a call at any time. On the day of the accident he left his office in the City Hall for home after 4 o'clock and the accident happened while he was on his way home.

The evidentiary facts presented by defendant in support of his motion were sufficient to warrant a finding that he is entitled as a matter of law to indemnity under section 50-b of the General Municipal Law and is, therefore, entitled to the protection of the short Statute of Limitations contained in section 50-i (subd. 1, cl. [c]) of the General Municipal Law. No issue is raised by the plaintiff as to any of the evidentiary facts asserted by defendant; plaintiff's opposition being predicated solely on his conclusory allegation that defendant was not acting within the scope of his employment at the time of the accident, that he was on his way home for dinner and that there was no emergency that day. The evidentiary facts presented by defendant in support of his motion are sufficient to justify a finding that he was acting within the scope of his employment at the time of the accident.

While the general rule is that an employee is not acting within the scope of his employment in traveling to and from work, even though he uses a motor vehicle furnished and owned by his employer to do so, if it is shown that the employer has some special interest or derives some special benefit from his employee's use of the automobile in going to and from work, then a finding that the employee is acting within the scope of his employment is justified (*Barber* v. *Jewel Tea Co.*, 252 App. Div. 362; 4 N. Y. Jur., Automobiles, § 472; Ann. 52 ALR 2d 350, 362,

363). The evidence supports a finding that it was for the city's special benefit rather than for the defendant's personal convenience that permission was given the defendant to operate the city-owned motor vehicle between home and work and the conclusion that defendant is entitled, as a matter of law, to indemnification by the City of Buffalo under section 50-b of the General Municipal Law for any loss occasioned by his negligent operation of the city-owned motor vehicle. Defendant is entitled to the protection afforded by the short Statute of Limitations contained in section 50-i (subd. 1, cl. [c]); and the action not being commenced within one year and 90 days of the date of the accident, it is barred by the statute.

The order denying defendant's motion for summary judgment should be reversed and the motion granted without costs.

GOLDMAN, P. J., DEL VECCHIO, CARDAMONE and HENRY, JJ., concur.

Order unanimously reversed without costs, motion granted and complaint dismissed.