## (June 22, 1981)

■ BRUCE ALBANO, Respondent, v RUSSELL HAWKINS et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated July 11, 1980, as denied that part of their motion which sought summary judgment as to defendant Hawkins. Order affirmed insofar as appealed from, without costs or disbursements. Plaintiff commenced this action against the Metropolitan Suburban Bus Authority, and its employee Russell Hawkins, by service of a summons and complaint on or about October 30, 1979. The complaint alleges that an accident took place on June 9, 1978, between plaintiff's car and a bus owned by defendant Metropolitan Suburban Bus Authority and driven by defendant Hawkins. Thereafter, defendants moved for summary judgment on the ground that the action is barred by the Statute of Limitations. Special Term dismissed the action as against the Metropolitan Suburban Bus Authority, applying the one-year Statute of Limitations contained in subdivision 2 of section 1276 of the Public Authorities Law, but allowed the action to continue as against defendant Hawkins. The court held that the three-year limitations period contained in CPLR 214 would apply to the cause of action against Hawkins. We hold that when an employee of a public authority is entitled to indemnification from his employer, the authority becomes the real party in interest and the short Statute of Limitations applicable to the authority, is applicable to the employee (see *Niemczyk v Pawlak,* 76 AD2d 84; *Fitzgerald v Lyons,* 39 AD2d 473; *Taber v Niagara Frontier Tr. Auth.,* 101 Misc 2d 92, affd 78 AD2d 775). The reason for the short statute is to protect the indemnifying employer by requiring that tort actions be speedily brought (see *Taylor v Mayone,* 626 F2d 247, 252). However, in the instant case, since there is a lack of proof on the issue of whether Hawkins was acting within the scope of his employment at the time of the accident, it cannot be determined whether the Metropolitan Suburban Bus Authority would be required to indemnify him (see Public Authorities Law, § 1276, subd 3). Accordingly, whether the one-year Statute of Limitations

contained in subdivision 2 of section 1276 of the Public Authorities Law applies must await a determination of this issue (cf. *Fitzgerald v Lyons, supra*). We disagree with Special Term's application of the three-year Statute of Limitations (see CPLR 214) without resolving the indemnification issue. Summary judgment must be denied as to the cause of action against Hawkins, since, on the papers submitted, he has failed to establish a right to indemnification. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.