■ JEFFREY URRARO, Appellant, v LEROY V. GREEN, Respondent, et al., Defendant. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered September 22, 1983, as granted that branch of defendants' motion which was to

dismiss the action against defendant Green as time barred, and (2) a judgment of the same court, entered October 6, 1983, as dismissed plaintiff's complaint against defendant Green.

Appeal from the order dismissed. (See *Matter of Aho,* 39 NY2d 241, 248.)

Judgment affirmed insofar as appealed from.

Respondent is awarded one bill of costs.

This action arises out of an incident in which plaintiff, a pedestrian, was struck by a vehicle which was owned by defendant, the City of New Rochelle, and operated by defendant Green, a city employee. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that the action was commenced more than one year and 90 days after the happening of the accident (General Municipal Law, § 50-i). Special Term granted the motion in all respects.

On appeal, plaintiff argues that his claim against defendant Green is not governed by the short Statute of Limitations. We disagree. Contrary to plaintiff's contentions, there exists no factual issue as to whether at the time of the accident Green was operating the vehicle with the permission and consent of the city and within the scope of his employment. That fact was affirmatively pleaded by plaintiff in his complaint and admitted by defendants in their answer. Consequently that fact is not in controversy. Since defendant Green was acting within the scope of his employment at the time of the accident, he is entitled to be indemnified by the city (General Municipal Law, § 50-b). Accordingly, the city is the real party in interest in this action, and the claims against both defendants are governed by the short Statute of Limitations (General Municipal Law, § 50-i; *Fitzgerald v Lyons,* 39 AD2d 473; see, also, *Albano v Hawkins,* 82 AD2d 871). Titone, J. P., Mangano, Brown and Rubin, JJ., concur.