**Thomas LAW, Jr., Plaintiff,**

v.

**Edward J. CULLEN, individually and as a police officer; John Roe, individually and as a police officer; John Coe, individually and as a police officer; and the City of New York, Defendants.**

**No. 84 Civ. 5638 (EW).**

United States District Court,
S.D. New York.

July 15, 1985.

---

Scoppetta & Seiff, New York City, for plaintiff; Abigail Pessen, of counsel.

Frederick A.O. Schwarz, Jr., New York City, for defendants; Michael Matsler, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This action is brought pursuant to 42 U.S.C. section 1983, based upon allegations that plaintiff, Thomas Law, Jr., was beaten by New York City police officers upon his arrest on August 15, 1981. Named as defendants are the arresting officer, Edward J. Cullen ("Cullen"), three other unnamed police officers, and the City of New York.

Before the Court are a number of motions, made by both plaintiff and defendants. Defendant, the City of New York, moves for summary judgment, pursuant to Rule 56, Fed.R.Civ.P., contending that plaintiff has failed to raise an issue of fact whether the City had an official policy or custom sufficient to render it liable for any alleged deprivation of plaintiff's constitutional rights; and, in addition, for sanctions pursuant to Rule 11. Officer Cullen and the City also move to amend their answer to plead a statute of limitations defense to plaintiff's state law claims, and for dismissal of those claims as barred by the appropriate limitations period. Finally, the defendants move to preclude testimony of three witnesses whose names plaintiff allegedly failed to disclose during discovery, or in the alternative, for further discovery limited to those witnesses.

In addition to opposing defendants' various motions, plaintiff moves, pursuant to Rule 15(a), to amend his complaint to substitute the now known names of police officers for the present "John Does," and for

further discovery with respect to the named officers' personnel files; to dismiss the counterclaim of Officer Cullen pursuant to Rule 12(c) on grounds it violates public policy and is barred by the statute of limitations; and *in limine* for a ruling that plaintiff may introduce evidence at trial of certain complaints made against Officer Cullen.

## DISCUSSION

*Summary Judgment Motion*

 Under *Monell v. Department of Social Services,* [1] a municipality may be held liable under section 1983 only upon proof of an official "custom" or "policy" which proximately causes the deprivation of constitutional rights.[2] Such a custom or policy may be shown by a pattern of omissions reaching the level of "gross negligence" which indicates "deliberate indifference" to an individual's constitutional rights.[3] However, it is only a "known injury, a known risk, or a specific duty," the deliberate indifference to which causes the plaintiff's injury which will suffice to render a municipality liable under section 1983.[4] "[T]here must be an affirmative link between the [City's] policy and the particular constitutional violation alleged." [5]

The broad sweep of plaintiff's efforts to come within the terms of *Monell* is based upon the allegation in his complaint that the actions of the defendants ... were taken pursuant to a *de facto* policy of the City of New York, which is implemented by police officers of the said City, to punish summarily persons who fail to obey police commands, whether lawful or not, by means of unlawful arrest, detention, excessive use of force, and the denial of necessary medical attention.

There is not a single evidentiary fact submitted to support this conclusory and wide-ranging allegation of a "de facto" policy of the City of New York.

However, in an effort to resist the City's motion for summary judgment, plaintiff now contends that the City may be held responsible for an alleged deprivation of his constitutional rights because it had a "custom" or "policy" of ignoring Officer Cullen's propensity to use excessive force. In support of this claim, plaintiff relies principally upon five complaints filed with the New York City Civilian Complaint Review Board ("CCRB"), charging Officer Cullen with abuse of authority or excessive use of force.[6] In addition, plaintiff points

---

**1.** 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**2.** *Id.* at 694, 98 S.Ct. at 2037; *City of Oklahoma City v. Tuttle,* —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

**3.** *Doe v. New York City Dep't of Social Services,* 649 F.2d 134, 143–45 (2d Cir.1981); *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied sub nom. County of Nassau v. Owens,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Turpin v. Mailet,* 619 F.2d 196, 202–03 (2d Cir.), *cert. denied sub nom. Turpin v. West Haven,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980); *cf. City of Oklahoma City,* 105 S.Ct. at 2436 n. 7 (plurality opinion) (questioning whether gross negligence sufficient). *But see Doe,* 649 F.2d at 143 (gross negligence is conduct which may evidence deliberate indifference sufficient to establish a meaningful standard of municipal culpability).

**4.** *Doe,* 649 F.2d at 145.

**5.** *City of Oklahoma City,* 105 S.Ct. at 2436 (plurality opinion); *see id.* at 2439–40 (Brennan, J.,

concurring in part and concurring in judgment); *see also Batista v. Rodriguez,* 702 F.2d 393, 398 (2d Cir.1983).

**6.** Although plaintiff emphasizes that the total number of charges filed against Officer Cullen is ten, that figure includes complaints filed after the · incident in question. Because the City's liability hinges upon what it "knew" or "should have known" at the time of the alleged incident in August 1981, no claim against it may be predicated upon actions occurring after that date. Accordingly, plaintiff's claim that the CCRB charges support municipal liability must be based solely on the five complaints filed prior to August 1981. Similarly, plaintiff's claim that Officer Cullen is a "recidivist" within the meaning of the CCRB guidelines must be judged as of August 1981. Plaintiff himself concedes that Officer Cullen was not a "recidivist" as of that date and therefore no special scrutiny of his performance was required under CCRB guidelines. *See* Affirmation of Abigail Pessen, Esq. Par. 7 at 4 (note).

to the fact that none of the complaints against Cullen are mentioned in his personnel file.[7]

In response, and in support of its motion, the City relies upon the very detailed affidavit of Assistant Police Chief Koehler who explicitly denies any "policy or practice on the part of the New York City Police Department to condone, permit, or in any other manner tolerate the use of excessive force." In support of that statement, Koehler details the extensive procedures employed by the Police Department to avert abusive behavior by police officers, to alert the City to repeated incidents or patterns of abuse, and to train and supervise police officers in general. The concern of the City that its police officers will not only faithfully perform their assigned tasks but also be mindful of their positive duty to respect the constitutional rights of the public is evidenced by the fact that the procedure for identifying likely offenders starts even before candidates are found qualified to take the oral and written examinations and continues during their probationary period. Entirely apart from this general policy, police officers, during their tenure, are subject to continued scrutiny of their performance and given periodic training. In addition, Assistant Chief Koehler states that Officer Cullen's performance did not call for any special scrutiny under established police procedure and was completely consistent with Police Department standards, "always professional," and "reflect[ed] a 'high degree of integrity in his dealings with the public.'"

The Court finds that the five CCRB complaints relied upon by plaintiff do not raise an issue of fact as to the liability of the City of New York for any claimed deprivation of plaintiff's constitutional rights. The inference that plaintiff would have this Court and a jury draw from the existence of the five CCRB complaints is that in fact Officer Cullen had a propensity to use excessive force of which the City knew or should have known. However, the CCRB complaints are merely charges; and in this case, four of the five charges were found by the CCRB, after investigation and based upon available evidence, to be "unsubstantiated." While plaintiff argues that "unsubstantiated" does not mean that the charges could not have been proven, the fact remains that no finding of actual abuse or use of excessive force was ever made against Officer Cullen prior to August 1981. The fifth complaint, found substantiated, was based upon an improper search, not excessive use of force. In the absence of any substantiated charges of abuse, there is no basis for plaintiff's claim that Officer Cullen had a "propensity" to use excessive force and, hence, no basis for its claim that the City was deliberately indifferent to such a propensity.[8] There can be no breach by the City of a duty to act, when the circumstances do not give rise, in the first instance, to any duty.[9]

Plaintiff, in resisting the City's summary judgment motion, seeks to retry the charges brought before the CCRB in the hope that a jury will find, contrary to CCRB's investigation, that Officer Cullen did, on those four occasions spanning nine years, use excessive force. Even assuming that the civilian charges were admissible upon a trial, and sufficient to support a jury finding that Cullen used excessive force, plaintiff's reliance thereon is misplaced. A substantiation upon a trial of the charge that Officer Cullen had a propensity to use excessive force does not establish that the City failed in its duty at

---

7. Plaintiff also relies heavily upon a claim that Officer Cullen has a history of absenteeism. The claim that a municipality may be held liable for the violation of an individual's constitutional rights because of an employee's absenteeism is clearly without merit.

8. *Cf. Turpin,* 619 F.2d at 201 ("where senior personnel have *knowledge of a pattern* of *consti-*

*tutionally offensive acts* by their subordinates but fail to take remedial steps, the municipality may be held liable for a subsequent violation if the superior's inaction amounts to deliberate indifference or to tacit authorization of *the offensive acts*") (emphasis added).

9. *See Doe,* 649 F.2d at 145–46.

the time of the occurrence of the events in this case.

The City's liability depends upon whether it deliberately chose a course of action, deliberately ignored a known duty to act, or at the very least was grossly negligent. Thus, not only must a jury find that the charges were true, but also that the City knew they were true, should have known their truth, or was grossly negligent in failing to discover their truth at or before the time of the incident in question. Yet plaintiff makes no claim, nor has he provided any facts whatsoever to support a claim, that the CCRB investigatory procedures were inadequate or improper and, therefore, the City should have known, as plaintiff claims, the "truth" of the charges against Officer Cullen. The only actual knowledge the City could have had was that one substantiated and four unsubstantiated charges had been lodged against him.

In sum, plaintiff has failed to provide any facts from which a reasonable jury could find that the failure to take "remedial" action based upon four unsubstantiated complaints spanning a nine year period constitutes deliberate indifference to a known risk of abuse by a police officer, much less a chosen course of action by the City which was the "moving force" behind the alleged violation of plaintiff's constitutional rights.[10] The chain of inferences upon which plaintiff relies belies any claim that the City of New York had a "policy" or "custom" which caused plaintiff's injury. In the face of the sworn affidavits of persons with the responsibility for training and supervision of police officers as to the City's policies and procedures for detecting and avoiding abuse or use of excessive force, and as to Officer Cullen's satisfactory performance, plaintiff has not raised an issue of fact but, instead, relies upon mere speculation.[11]

Accordingly, the motion of the City of New York for summary judgment is granted.[12]

*Other Motions*

■ Remaining for consideration are several motions by both parties, none of which requires extensive discussion. Because leave to amend is to be liberally granted,[13] and plaintiff concedes he cannot show prejudice, the Court grants defendant Cullen's motion to amend his answer to plead a statute of limitations defense. In view of that amendment, the Court considers and grants Cullen's motion to dismiss plaintiff's state law claims. Plaintiff concedes that all but one of his state law claims are barred, and as to the last, the Court finds it barred by General Municipal Law Section 50–i which governs all actions brought against a City and its employees.[14]

However, the Court denies plaintiff's motion to amend his complaint to add the names of three police officers, sued solely in their official capacity and not as individuals, to be followed by further pretrial discovery of their CCRB and personnel

---

**10.** *City of Oklahoma City,* 105 S.Ct. at 2434 (plurality opinion); *see id.* at 2440 (Brennan, J., concurring in part and concurring in judgment); *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981).

**11.** *See Cattan v. City of New York,* 523 F.Supp. 598, 601–02 (S.D.N.Y.1981) (discussing reliance upon CCRB complaints to establish municipal policy); *Arancibia v. Berry,* 603 F.Supp. 931, 933–34 (S.D.N.Y.1985) (same); *see also Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 45 (2d Cir.1985); *Turpin,* 619 F.2d at 202.

**12.** The Court declines to exercise pendent jurisdiction over any state law claims against the City. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Such claims are, in any event, barred by the statute of limitations. N.Y.Gen. Mun.Law Sec. 50–i (McKinney 1977 & Supp. 1984–85).

**13.** *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

**14.** N.Y.Gen.Mun.Law Sec. 50–i (McKinney 1977 & Supp.1984–85); *Albano v. Hawkins,* 82 A.D.2d 871, 440 N.Y.S.2d 327 (2d Dep't 1981) (Section 50–i applicable to employees); *Fitzgerald v. Lyons,* 39 A.D.2d 473, 336 N.Y.S.2d 940 (4th Dep't 1972); *Hahin v. City of Buffalo,* 41 Misc.2d 1018, 246 N.Y.S.2d 917 (Erie Co.1964); *see also Taylor v. Mayone,* 626 F.2d 247, 252 (2d Cir. 1980).

files. Plaintiff has repeatedly delayed the completion of pretrial discovery, notwithstanding which extensions were granted. The new tack now advanced by plaintiff to sue three officers solely in their "official capacity" is meaningless and adds nothing to plaintiff's claims against the City. Accordingly, plaintiff's motion to amend and for further discovery is denied.[15]

■ Plaintiff's motion to dismiss Cullen's counterclaim for assault and battery is also denied. Plaintiff's contention that the Corporation Counsel lacks statutory authority to bring such a claim on behalf of a police officer is without merit. Section 50–k(2) of the General Municipal Law provides that "[a]t the request of the employee ... the city shall provide for the defense of an employee of any agency in any civil action ... including actions under [Section 1983]."[16] Defendant's counterclaim is compulsory under federal law and is "embraced in any practical construction of the term 'defense.' "[17] In addition, Cullen's counterclaim is not barred by the statute of limitations. Under Section 203(c) of the New York Civil Practice Law and Rules, Cullen may assert his assault and battery claim "to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed."[18]

Defendant Cullen's motion to preclude testimony of three witnesses at trial is denied. Cullen claims that plaintiff failed to properly respond to an interrogatory calling for the names of witnesses to the incident involving plaintiff Thomas Law. However, the three witnesses listed in the pretrial order by plaintiff of which defendant complains are not witnesses to the incident but, rather, witnesses to prior incidents of alleged "abuse" by Officer Cullen contained in the CCRB complaints. Accordingly, defendant's claim that plaintiff

has abused the discovery process is without factual support. Whether or not such testimony will be admissible upon a trial, the Court finds that defendant is entitled to a short extension of the time in which to take the depositions of the three witnesses. All discovery shall be completed within two weeks from date.

Finally, the City's motion for sanctions under Rule 11 is denied; and the Court declines to rule upon plaintiff's motion for an *in limine* evidentiary ruling in advance of trial.

So ordered.

---

**15.** *See Forman*, 371 U.S. at 182, 83 S.Ct. at 230 (while amendment is to be freely granted, it may be denied for reasons of undue delay, bad faith, or futility).

**16.** N.Y.Gen.Mun.Law Sec. 50–k(2) (McKinney Supp.1984–85).

**17.** *Smith v. City of New York*, 611 F.Supp. 1080, 1087 (S.D.N.Y.1985); *see Henry v. City of New York*, 84 Civ. 2150, slip op. (S.D.N.Y. Aug. 15, 1984).

**18.** N.Y.Civ.Prac.Law Sec. 203(c) (McKinney 1972).