■ EDITH ORKIN, Respondent, v COUNTY OF NASSAU, Appellant, and GENWAY CORP. et al., Respondents, et al., Defendants.—In an action to recover damages for personal injuries, the County of Nassau appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated June 4, 1985, as denied that branch of its motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint and certain cross claims insofar as they are asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent and defendants-respondents appearing separately and filing separate briefs.

The plaintiff, Edith Orkin, a passenger on a bus owned by the defendant County of Nassau and leased to the defendant Metropolitan Suburban Bus Transportation Authority (hereinafter MSBA), a subsidiary of defendant Metropolitan Transportation Authority (hereinafter MTA) and operated by the defendant Louis Cotichio, sustained injuries on June 8, 1981 when the bus collided with a motor vehicle owned by defendant Genway Corp. and leased to the defendant P. S. Leasing Co., Inc. and operated by the defendant Ralph Diamond.

Special Term granted those branches of the motion which were to dismiss the complaint and cross claims insofar as they are asserted against the MTA and MSBA, on the ground that the action was not commenced within one year and 30 days of

the accident and, therefore, was time barred as to them *(see, Public Authorities Law § 1276; Wenning v Metropolitan Transp. Auth.,* 112 AD2d 220; *Andersen v Long Is. R. R.,* 88 AD2d 328, *affd* 59 NY2d 657). Special Term also dismissed the action as to bus driver Louis Cotichio (citing *Albano v Hawkins,* 82 AD2d 871). However, it denied that branch of the motion which was to dismiss with respect to the county, holding that the action which was brought against the county by service of a summons on August 31, 1982 was timely commenced pursuant to the one-year-and-90-day Statute of Limitations of General Municipal Law § 50-i.

Special Term also converted the cross claims of the defendants Genway Corporation, P. S. Leasing Co., Inc. and Ralph Diamond against the other codefendants into third-party complaints.

On appeal the county does not deny that the action was commenced by the plaintiff less than one year and 90 days after the accident and was, therefore, timely pursuant to General Municipal Law § 50-i. The county argues, however, that based on its right to indemnification established in its leasing agreements with the MSBA, the latter is the real party in interest and, therefore, the shorter Statute of Limitations of Public Authorities Law § 1276 (2) should be applied to the county, thereby making the plaintiff's action against it untimely. We reject the county's argument that our holding in *Albano v Hawkins (supra),* is applicable to the county in the instant case. In *Albano v Hawkins (supra,* at p 871), we held "that when an employee of a public authority is entitled to indemnification from his employer, the authority becomes the real party in interest and the short Statute of Limitations applicable to the authority, is applicable to the employee".

Public Authorities Law § 1276 (3) specifically provides for indemnification of an employee: "The authority shall be liable, and shall assume the liability to the extent that it shall save harmless any duly appointed officer or employee of the authority, for the negligence of such officer or employee, in the operation of a vehicle or other facility of transportation owned or otherwise under the jurisdiction and control of the authority in the discharge of a duty imposed upon such officer or employee at the time of the accident, injury or damages complained of, while otherwise acting in the performance of his duties and within the scope of his employment".

No comparable provision for the indemnification of counties was provided for by the Legislature in Public Authorities Law § 1276. Rather, the Legislature specifically provided in County

Law § 52 (1) that a claim for personal injuries against a county shall be commenced pursuant to General Municipal Law § 50-i (1) (c) which states that an action "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based". The plaintiff's action against the county was commenced less than one year and 90 days after the date of the collision and was, therefore, timely.

We note and reject the county's argument that if the action is not dismissed the plaintiff will be able to circumvent the short Statute of Limitations of Public Authorities Law § 1276 since the authority ultimately will be required to indemnify the county based on the leasing agreements between the parties. Special Term converted the cross claims of the codefendants Genway Corporation, P. S. Leasing Co., Inc. and Ralph Diamond into third-party complaints and, therefore, the Authority would remain potentially liable even if the action were dismissed against the county. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.