■ KATHERINE D. EVANS, Respondent, v ITHACA URBAN RENEWAL AGENCY et al., Appellants. [613 NYS2d 446] —Mikoll, J. P. Appeals (1) from a judgment of the Supreme Court (Relihan, Jr., J.), entered August 17, 1993 in Tompkins County, upon a verdict rendered in favor of plaintiff, (2) from an order of said court, entered September 13, 1993 in Tompkins County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint, and (3) from an order of said court, entered September 13, 1993 in Tompkins

County, which, *inter alia,* denied defendants' motion to set aside the verdict.

This action arose from defendants' failure to appoint plaintiff at the end of her one-year leave of absence to the position which she held prior to the leave of absence or to a similar one. The jury concluded that defendants breached their obligation to plaintiff pursuant to the terms of an administrative manual used by defendants to regulate employment practices (hereinafter the CD Manual). The jury awarded plaintiff a verdict of $20,370.25, which was reduced on stipulation to $15,506.11. Defendants appeal.

The relevant facts are as follows: Plaintiff had worked for defendants from 1978 until 1990 pursuant to a series of contracts renewed yearly. The last signed contract produced was for 1983 which provided, *inter alia,* that benefits would be as outlined in the CD Manual. Plaintiff testified that she also signed a contract in 1989 to like effect. Each contract was in the same format and contained the provision that "[e]ither party may terminate this agreement on two weeks notice to the other".

In 1989 plaintiff became the Community Development Administrator for defendants. In August 1990 plaintiff requested a one-year leave of absence effective September 15, 1990. The CD Manual provided that extended leaves not to exceed 12 months could be approved and that: "On return, every effort will be made to place the employee in the same position or one of like status and pay. If such is not available, the employee will be eligible for normal termination benefits." The leave was approved by defendants, effective September 15, 1990, at which time plaintiff was reminded that the CD Manual did not guarantee that the same job would be available after the leave. Plaintiff's actual last day on the job was October 1, 1990 and she was paid until October 23, 1990 for accumulated vacation time. Defendants hired Patricia Norton in January 1991 for a six-month period as Community Development Coordinator, a position similar to plaintiff's position. The contract with Norton expired June 28, 1991.

In May 1991, the Budget and Administration Committee of defendants' Board of Directors decided to recommend that Norton's contract be renewed for a period of one year. By letter dated May 25, 1991, plaintiff expressed her desire to apply for the Community Development Coordinator position and to return to employment with defendants. Plaintiff's counsel appeared before an executive session of defendants'

Board of Directors, held on June 4, 1991, to reiterate plaintiff's desire to return from her leave and to assume the position held by Norton. The Board voted to renew Norton's contract for one year. Plaintiff was then notified that no position was open for her. Plaintiff commenced the instant breach of contract suit.

Supreme Court charged the jury that the terms and conditions of plaintiff's employment were governed by the CD Manual, including the provisions of the manual relative to extended leaves of absence. The court permitted the jury to consider that defendants might have terminated plaintiff upon two weeks' notice at any time during 1991-1992 and left the likelihood of such termination as a question of fact for the jury. The jury returned a verdict in favor of plaintiff in the sum of $20,370.25, which was reduced upon stipulation to the sum of $15,506.11.

It is defendants' position that plaintiff was an employee at will because of the provision in the employment contract permitting termination of the employment by either party on two weeks' notice, and that any damages owing should be limited to this two-week term. The verdict should be affirmed. Defendants expressly agreed to limit their right to terminate plaintiff at will on two weeks' notice. Defendants admitted in their answer plaintiff's contention that she was employed pursuant to a one-year contract of employment whose terms incorporated the terms of the CD Manual. This fact is thus not in controversy (see, Urraro v Green, 106 AD2d 567, 568). Though plaintiff's contract ceased on September 15, 1990, she continued in defendants' employment until October 23, 1990. During such period she was an employee at will (see, Modern Telecommunications v Zimmerman, 140 AD2d 217, 218-219).

Despite the termination of plaintiff's one-year employment contract, it is clear from testimony that both parties considered the terms of the contract to be ongoing. The contract was alleged in the complaint to contain the following language: "That the terms and conditions of plaintiff's employment by defendants were governed by [the CD Manual] * * * which document was incorporated by reference in the employment contract of plaintiff."

Defendants admitted that the CD Manual was "used, to the extent that it was applicable, regarding terms and conditions of plaintiff's employment covered by the manual". The conduct of the parties was such that it could be construed to imply an agreement to extend some of the CD Manual provi-

sions to the employment contract *(see, Matter of Waldron,* 61 NY2d 181, 185). Both parties treated the CD Manual as governing and, thus, Supreme Court was correct in instructing the jury that its terms applied to the parties' agreement *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 305). Supreme Court was also correct in not limiting plaintiff's damages to the two-week notification period provided for at-will termination in the contract and instead permitting the jury to consider the likelihood of a notice of termination being issued by defendants. In an alternative argument, defendants contend that the CD Manual requires at most a one-month notice if an employee is laid off due to financial considerations and that plaintiff's damages should be limited to one month's salary.

The record being clear that employment was governed by the CD Manual and that none of the categories for ending employment as set out in the CD Manual were implicated in ending plaintiff's employment (defendants did not allege either unsatisfactory performance or misconduct, and the other categories were also demonstrated to be inapplicable), we find that Supreme Court properly charged the jury that damages should be calculated on the basis of one year's earnings from defendants, less other income actually earned. The judgment and orders of Supreme Court are therefore affirmed.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and orders are affirmed, with costs.