■ ARCHIBALD BAILEY, Respondent, v AGR REALTY Co. et al., Appellants. [689 NYS2d 65] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 10, 1998, which, in a personal injury action under Labor Law § 240 (1), denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's injuries, allegedly sustained while he was engaged in replacing ceiling tiles in a building used for the maintenance, storage and fueling of the County of Westchester's bus fleet, did not arise out of "the operation of a municipally owned vehicle or other facility of transportation" within the meaning of General Municipal Law § 50-b (1). Under the principle of *ejusdem generis*, the general phrase "facility of transportation" is limited, by the specific term "vehicle" preceding it, to actual instruments of transportation (*see, Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.*, 51 NY2d 506, 512, quoting *People v Illardo*, 48 NY2d 408, 416; McKinney's Cons Laws of NY, Book 1, Statutes § 239 [b]). Accordingly, the County of Westchester has no obligation under General Municipal Law § 50-b (1) to indemnify defendants against liability for plaintiff's injuries, and plaintiff was therefore not required to file a notice of claim as a condition precedent to maintaining this action under General Municipal Law § 50-e (*cf., Coleman v Westchester St. Transp. Co.*, 57 NY2d 734; *Singer v Liberty Lines*, 183 AD2d 820). Defendants' remaining contentions in support of their motion were improperly raised for the first time in their reply papers in the motion court, and we therefore decline to address them, as did the motion court. Concur—Rosenberger, J. P., Williams, Andrias, Saxe and Buckley, JJ.