■ SUSAN PEALO, Respondent, v BREWERTON FIRE DEPARTMENT, INC., Appellant. [702 NYS2d 484] —Order unanimously affirmed with costs. Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained in a fall at premises owned by the Brewerton Fire District (Fire District) and occupied by defendant, Brewerton Fire Department, Inc. (Fire Department). Plaintiff moved to strike those affirmative defenses alleging that plaintiff failed to serve a notice of claim (*see*, General Municipal Law § 50-e [1]) and failed to commence the action within one year and 90 days (*see*, General Municipal Law § 50-i [1] [c]). The Fire Department cross-moved to dismiss the complaint based upon those affirmative defenses. It is undisputed that no notice of claim was served and that the action was commenced more than one year and 90 days but less than three years after the accident.

Supreme Court properly granted the motion in part and denied the cross motion in part. Neither the requirement to serve a notice of claim under General Municipal Law § 50-e (1) nor the short Statute of Limitations set forth in General Municipal Law § 50-i (1) (c) applies where only "an officer, appointee or employee of a public corporation", and not the public corporation itself, is a named defendant unless "the [public] corporation has a statutory obligation to indemnify such person" (General Municipal Law § 50-e [1] [b]; *see, Bailey v AGR Realty Co.*, 260 AD2d 322; *O'Hara v Sears Roebuck & Co.*, 286 App Div 104; *cf., Alifieris v American Airlines*, 63 NY2d 370; *Coleman v Westchester St. Transp. Co.*, 57 NY2d 734; *Urraro v Green*, 106 AD2d 567, 568). Here, plaintiff's ac-

tion is not predicated upon any negligence or wrongful act for which the Fire District has a statutory obligation to indemnify the Fire Department; thus, neither the notice of claim requirement of General Municipal Law § 50-e (1) nor the short Statute of Limitations set forth in General Municipal Law § 50-i (1) (c) is implicated (*see, Bailey v AGR Realty Co., supra; O'Hara v Sears Roebuck & Co., supra; cf., Urraro v Green, supra*). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.