■ JEFFREY FALKOWSKI, Plaintiff, v 81 AND 3 OF WATERTOWN, INC., et al., Defendants. 81 AND 3 OF WATERTOWN, INC., Third-Party Plaintiff-Respondent, v KULBACK's & ASSOCIATES, INC., Third-Party Defendant-Appellant, and MANDON BUILDING SYSTEMS, INC., Third-Party Defendant-Respondent. [732 NYS2d 497] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied that part of the motion of third-party defendant Kulback's & Associates, Inc. (Kulback's) seeking summary judgment dismissing the cause of action in the amended third-party complaint for contractual indemnification from Kulback's and properly granted that part of the cross mo-

tion of defendant-third-party plaintiff, 81 and 3 of Watertown, Inc. (81 and 3), seeking summary judgment on that cause of action. Kulback's contends that 81 and 3 is not entitled to contractual indemnification from Kulback's because the construction contract containing the agreement to indemnify was between only Kulback's and Innovative General Contractor, Inc. (Innovative). We disagree. 81 and 3 affirmatively pleaded in the amended third-party complaint that it entered into the construction contract with Kulback's, and that fact was admitted by Kulback's in its answer. Facts admitted by a party's pleadings constitute judicial admissions (*see,* Prince, Richardson on Evidence § 8-215, at 523-524 [Farrell 11th ed]). That fact is thus not in controversy (*see, Evans v Ithaca Urban Renewal Agency,* 205 AD2d 844, 846; *Urraro v Green,* 106 AD2d 567, 568; *see also, Resseguie v Adams,* 55 AD2d 698, 699, *affd sub nom. Locator-Map, Inc. v Adams,* 42 NY2d 1022). 81 and 3 is entitled to contractual indemnification from Kulback's for the further reason that Innovative is a wholly owned subsidiary of 81 and 3 and acted on behalf of 81 and 3 when signing the contract (*see, Clute v Ellis Hosp.,* 184 AD2d 942, 945).

The court also properly denied that part of Kulback's motion seeking summary judgment dismissing the first cause of action in the amended third-party complaint for common-law contribution and indemnification. Kulback's failed to satisfy its initial burden of establishing as a matter of law that plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11 to support its defense to that cause of action (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.