THOMAS J. GRIFFIN, Respondent, v GEORGE PERROTTI, Appellant. [996 NYS2d 66]—

In an action to recover damages for personal injuries and property damage, the defendant appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 11, 2013, which denied his motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff was riding a bicycle when he was struck by a vehicle owned by Metro-North Railroad (hereinafter Metro-North) and driven by the defendant, an employee of Metro-North. Almost two years later, the plaintiff commenced this action to recover damages for personal injuries and property damage allegedly sustained as a result of the accident. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was time-barred. The defendant argued that the shorter statute of limitations applicable to public authorities under Public Authorities Law § 1276 (2) is applicable to this case, and that the plaintiff failed to timely commence an action against Metro North and sought to circumvent the one-year statute of limitations by commencing an action against the defendant individually.

On a motion pursuant to CPLR 3211 (a) (5) to dismiss a complaint on the ground that an action is time-barred, the moving defendant must establish, prima facie, that the time in which to commence the action has expired (*see Zaborowski v*

*Local 74, Serv. Empls. Intl. Union, AFL-CIO*, 91 AD3d 768, 768-769 [2012]). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period (*see id.* at 769; *see also Beizer v Hirsch*, 116 AD3d 725, 725 [2014]).

At the time of the accident at issue here, Public Authorities Law § 1276 (2), which has since been amended, provided that a tort action against the Metropolitan Transportation Authority or its subsidiaries, except an action for wrongful death, must be commenced within one year after the cause of action accrued (*see* former Public Authorities Law § 1276). Thus, the Metropolitan Transportation Authority, and its subsidiary Metro-North, were subject to the shorter statute of limitations then provided by Public Authorities Law § 1276 (2) (*see Matter of Essien*, 77 AD3d 237, 238 [2010]).

Pursuant to Public Authorities Law § 1276 (3), an employee is entitled to indemnification for negligence "in the operation of a vehicle or other facility of transportation owned or otherwise under the jurisdiction and control of the authority in the discharge of a duty imposed upon such . . . employee at the time of the accident, injury or damages complained of, while otherwise acting in the performance of his duties and within the scope of his employment." Where an employee of a public authority is entitled to indemnification from the authority, the authority becomes the real party in interest and the shorter statute of limitations applicable to the authority is applicable to the employee (*see Albano v Hawkins*, 82 AD2d 871, 871 [1981]).

Here, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was barred by the statute of limitations. The defendant failed to establish, prima facie, that he was acting in the course of his employment at the time of the collision such that he is entitled to indemnification from Metro-North (*see Matter of Carreras v McGuire*, 87 AD2d 790 [1982]; *Albano v Hawkins*, 82 AD2d at 872; *Fitzgerald v Lyons*, 39 AD2d 473 [1972]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.