Migliano v Romano (2019 NY Slip Op 03964)





Migliano v Romano


2019 NY Slip Op 03964


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-01886
 (Index No. 14742/10)

[*1]Marie C. Migliano, et al., appellants, 
v
Frank Romano, respondent.


Creedon & Gill, P.C., Northport, NY (Peter J. Creedon of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP (Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY [Patrick J. Lawless], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated January 10, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the action was time-barred.
ORDERED that the order is affirmed, with costs.
On April 23, 2007, the plaintiff Marie C. Migliano (hereinafter the injured plaintiff) was driving on the Long Island Expressway when the defendant's vehicle, owned by his employer, the New York City Housing Authority (hereinafter NYCHA), hit the rear end of the injured plaintiff's car. At the time of the accident, the defendant was driving from his home on Long Island to a NYCHA worksite in Brooklyn. NYCHA paid for all expenses associated with the vehicle driven by the defendant and, in return, expected the defendant to be on call 24 hours a day. The injured plaintiff, and her husband suing derivatively, commenced this action on August 17, 2010, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that the action was time-barred. The defendant argued that, as a NYCHA employee acting within the scope of his employment at the time of the accident, the one-year 90-day statute of limitations applicable to actions commenced against NYCHA also applied to this action commenced against him. The Supreme Court granted the motion, and the plaintiffs appeal.
The Public Housing Law requires NYCHA to indemnify and save harmless its employees in the amount, inter alia, of any civil judgment obtained against such employee, provided that the act or omission from which the judgment arose occurred while the employee was acting within the scope of his or her public employment and in the discharge of his or her public duties, and was not in violation of any rule or regulation of NYCHA at the time the alleged damages were sustained (see Public Housing Law § 402-a[3]). The Public Housing Law also provides that "[e]very action or proceeding instituted pursuant to the provisions of this section shall be commenced pursuant to section one hundred fifty-seven of this chapter and within one year and ninety days" (Public Housing Law § 402-a[13]). Where an employee of a public authority is entitled to indemnification from his employer, the authority becomes the real party in interest and the shorter [*2]statute of limitations applicable to the authority is applicable to the employee (see Griffin v Perrotti, 121 AD3d 1041, 1042; Albano v Hawkins, 82 AD2d 871, 871).
Here, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint on the ground that it was time-barred. The defendant established, prima facie, that, at the time of the collision, he was acting within the scope of his employment and, as such, was entitled to indemnification from NYCHA, and that the shorter statute of limitations therefore applied in this action (see Wagman v Hooper, 138 AD3d 826; Fitzgerald v Lyons, 39 AD2d 473). In opposition, the plaintiffs failed to raise a triable issue of fact.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court