Kaul v Brooklyn Friends Sch. (2023 NY Slip Op 05397)

Kaul v Brooklyn Friends Sch.

2023 NY Slip Op 05397

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-04340
 (Index No. 516971/21)

[*1]Maya Kaul, respondent, 
v
Brooklyn Friends School, appellant, et al., defendants.

Venable LLP, New York, NY (Michael J. Volpe and Doreen S. Martin of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin LLP, New York, NY (Sherri L. Plotkin and Jeremy Hellman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Brooklyn Friends School appeals from an order of the Supreme Court, Kings County (Deborah A. Kaplan, J.), dated March 31, 2022. The order, insofar as appealed from, denied that branch of the motion of the defendants Brooklyn Friends School, Mark Buenzle, and Robert Bowman which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Brooklyn Friends School, and granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025 for leave to amend the complaint insofar as asserted against the defendant Brooklyn Friends School.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants Brooklyn Friends School, Mark Buenzle, and Robert Bowman which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Brooklyn Friends School is granted, and that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025 for leave to amend the complaint insofar as asserted against the defendant Brooklyn Friends School is denied as academic.
In July 2021, the plaintiff commenced this action against the defendant Brooklyn Friends School (hereinafter BFS), among others, alleging, inter alia, that BFS breached its harassment policy contained in BFS's student and family handbook, which resulted in injury to the plaintiff. BFS, along with the defendants Mark Buenzle and Robert Bowman (hereinafter collectively the defendants), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved pursuant to CPLR 3025 for leave to amend the complaint.
In an order dated March 31, 2022, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against BFS, and granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025 for leave to amend the complaint insofar as asserted against BFS. BFS appeals.
"[O]n a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant 'bears the initial burden of [establishing], prima facie, that the time in which to sue has expired'" (Schearer v Fitzgerald, 217 AD3d 980, 981, quoting Kogut v Village of Chestnut Ridge, 214 AD3d 777, 778). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is [*2]otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Griffin v Perrotti, 121 AD3d 1041, 1042; see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d 970, 970-971).
A cause of action sounding in breach of contract is governed by a six-year statute of limitations (see CPLR 213[2]; Rabinowitz v Grosso, 216 AD3d 822, 822-823). The period "begins at the time of the breach, even when no damage occurs until later, and even though the injured party may be ignorant of the existence of the wrong or injury" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 666; see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402).
Here, the defendants demonstrated, prima facie, that the time within which to commence this action had expired, inasmuch as the plaintiff failed to commence it within the six-year limitations period (see CPLR 213[2]). In opposition, the plaintiff failed to raise a question of fact. The plaintiff failed to establish that the statute of limitations was tolled, that the action was actually commenced within the applicable limitations period (see Van Der Velde v New York Prop. Underwriting Assn., 205 AD3d at 971; Baratta v Kozlowski, 94 AD2d 454, 458), or that the plaintiff's cause of action was revived by the Child Victims Act (see CPLR 214-g; cf. Meyer v State of New York, 213 AD3d 753, 756; Anonymous v Castagnola, 210 AD3d 940). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against BFS as time-barred.
The parties' remaining contentions are either academic in light of our determination or without merit.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court