[615 NYS2d 38]

In the Matter of ARTHUR W. BAILY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 1994

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Loren Baily* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law in New York by the First Judicial Department on June 29, 1942. At

all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

On or about June 21, 1993, the respondent was served with a notice and statement of charges alleging that he violated Code of Professional Responsibility DR 6-101 (A) (3); DR 1-102 (A) (4) and (7) by neglecting two cases, one for over eight years and one for over five years, and by then misrepresenting their status to his clients. In his answer, the respondent admitted most of the factual allegations of the charges but denied the legal conclusion that he violated the Disciplinary Rules as alleged. At a hearing at which the two complainants and the respondent testified, the parties submitted a stipulation in which the respondent admitted almost all of the factual allegations.

The Hearing Panel sustained all the charges. In mitigation, the 75-year-old respondent maintained that he has practiced law as a single practitioner for over 51 years and was honored for his work as a navigator in the Air Force during World War II. He added that he accepted full responsibility for his inaction in the subject matters and for his misrepresentation of their status. In aggravation, the petitioner advised the Hearing Panel of the respondent's prior disciplinary history which included a suspension for one year in 1975 for neglect, concealment of neglect and for forging an affidavit *(Matter of Baily,* 48 AD2d 411). After he was reinstated to the Bar by order of this Court dated December 6, 1976, he was censured by the Appellate Division, Second Department, in 1985 for failure to cooperate with the Grievance Committee for the Second and Eleventh Judicial Districts *(Matter of Baily,* 110 AD2d 144). The Departmental Disciplinary Committee of the First Department also admonished the respondent on April 14, 1986 and March 16, 1988 for neglecting legal matters.

At the conclusion of the hearing, the Hearing Panel recommended that the respondent be suspended from the practice of law for a period of two years. The Departmental Disciplinary Committee moves for an order confirming the Hearing Panel's report and imposing the recommended sanction. The respondent cross-moves for an order permitting him to supplement the record with information regarding his volunteer and Bar Association work in support of mitigation. The petitioner consents to this portion of the cross motion. The respondent also asserts that he plans to retire from the practice of law on or about June 29, 1995 and requests that he be permitted to work with his daughter, an attorney, until that time to wind

down his practice. The respondent therefore seeks a public censure including a public representation that he will retire on or before June 29, 1995, the anniversary date of his admission to practice, and will, until that time, only engage in the practice of law to the extent of winding down his practice. In support of the cross motion, counsel for the respondent further alleges that the respondent's actions resulted in no substantive harm to his clients since no claims were lost and no rights were prejudiced. The petitioner consents to include a stipulation that the respondent will arrange a transfer of one of the subject cases to his daughter, subject to the client's consent.

The evidence presented to the Hearing Panel supports the Panel's findings and conclusion that the respondent is guilty of professional misconduct. We find that the nature of the respondent's misconduct and his disciplinary history warrant a two-year suspension.

Accordingly, the petition of the Departmental Disciplinary Committee is granted, the Hearing Panel's report is confirmed and the respondent is suspended from the practice of law for a period of two years. Although that portion of the respondent's cross motion seeking to supplement the record is granted, the portion requesting an order imposing a sanction less severe than suspension is denied.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and ELLERIN, JJ., concur.

Application granted, report confirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective September 6, 1994, and until the further order of this Court; and cross motion to supplement the record granted.