[622 NYS2d 255]

In the Matter of WILFRED E. MARRIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 2, 1995

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Richard B. Marrin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Wilfred E. Marrin, was admitted to the practice of law in New York by the First Judicial Department on July 8, 1971. At all times pertinent to this proceeding respon-

dent has maintained an office for the practice of law within the First Judicial Department.

On or about March 1, 1994, respondent was served with a notice and statement of charges. The charges alleged that during the course of his representation of Helen Rodriguez in a matrimonial matter respondent neglected that matter, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30) and engaged in conduct that adversely reflects on his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3). In a separate matter, respondent was charged with failing to return the unearned portion of his legal retainer to his client, Charles Maier, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15).

On or about April 29, 1994, respondent served an answer to the charges admitting that he had neglected the Rodriguez matter but denying that he had engaged in any misconduct with respect to Maier. Respondent alleged that Maier had been fully repaid prior to the proceeding.

A hearing on the charges was held before a Hearing Panel on May 10, 1994. Respondent and three character witnesses testified.

During the hearing, the parties stipulated that Maier had been fully repaid in 1992.

The record shows that respondent was retained by Mrs. Rodriguez in April 1991 to represent her in connection with a matrimonial proceeding. He collected a $3,500 retainer. Thereafter, respondent obtained an interim custody and support order, but never served it upon her husband. Respondent admits that he owes some unearned portion of the retainer, but states that he made several court appearances.

Additionally, respondent has received three letters of admonition from the Departmental Disciplinary Committee, each for neglecting a legal matter entrusted to him. In explanation of the previous neglect admonitions, respondent stated that he is a sole practitioner and had taken on more than he could handle. With respect to the instant charges, respondent is forthright in admitting his failure. In mitigation, he submits that his teenage son had some major difficulties during the period of neglect that impacted upon him. Respondent has also filed for personal bankruptcy.

The Hearing Panel recommended a sanction of suspension for a three-month period. While we confirm the findings of the Hearing Panel as to the charges, we impose a sanction of

public censure. We note that the neglect is not accompanied by other misconduct like misrepresenting the status of the case. *(See, Matter of Baily,* 201 AD2d 125.) The record establishes that respondent is an honorable practitioner who also handles *pro bono* matters, and should have one last chance to reform his practice. Upon the condition that respondent account to the complainant and refund the unearned portion of the retainer, without regard to respondent's bankruptcy filing, we impose the lesser sanction of public censure.

Accordingly, the petition of the Departmental Disciplinary Committee is granted to the extent of confirming the findings of fact and conclusions of law, but disaffirmed as to the recommended sanction, and the sanction of a public censure is imposed.

MURPHY, P. J., SULLIVAN, ROSENBERGER, NARDELLI and TOM, JJ., concur.

Petition granted to the extent of confirming the findings of fact and conclusions of law, but disaffirmed as to the recommended sanction and the sanction of a public censure imposed.