[633 NYS2d 950]

In the Matter of WILFRID E. MARRIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 9, 1995

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Wilfred E. Marrin, was admitted to the prac-

tice of law in the State of New York by the First Judicial Department on July 8, 1971.

By order and decision entered on February 2, 1995 (207 AD2d 239), this Court censured respondent for his neglect of a legal matter in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30) and for conduct adversely reflecting on his fitness to practice, in violation of DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3). The Court imposed censure rather than suspension upon the condition that respondent account to the complainant and refund the unearned portion of the retainer.

By petition dated July 28, 1995, the Departmental Disciplinary Committee seeks an order immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.16 (c) (1) for an indefinite period of time and until further order of this Court, on the grounds that he is suffering from a mental condition which makes it impossible for him adequately to defend himself in the underlying disciplinary proceedings or to cooperate in the Committee's investigation.

After numerous attempts by the Committee to obtain respondent's cooperation in the investigation of several complaints, respondent's counsel advised the Committee that respondent was suffering from clinical depression and was seeking medical assistance.

By letter dated July 14, 1995, respondent's current physicians, Dr. Aquino and Dr. Lorensen, stated that respondent has been diagnosed as suffering from "mild manic depression and substance abuse (alcohol)". Respondent is currently undergoing therapy, is taking an antidepressant drug and has been referred to an alcohol abuse program.

It is clear from the foregoing that respondent is unable to defend himself in this proceeding, cannot or will not cooperate with the Committee's investigation, is mentally unfit to practice law, and should therefore be suspended indefinitely for these reasons. (See, 22 NYCRR 603.16 [c].)

Respondent does not contest the petition.

Accordingly, the Committee's petition seeking an order immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.16 (c) (1), for an indefinite period and until further order of this Court, on the grounds that he is suffering from a mental condition which makes it impossible for him adequately to defend himself in the underlying

disciplinary proceedings or to cooperate in the Committee's investigation, is granted.

MURPHY, P. J., SULLIVAN, ROSENBERGER, NARDELLI and TOM, JJ., concur.

Petition granted and respondent suspended from practice for an indefinite period of time, effective immediately, and until the further order of this Court.