[694 NYS2d 34]

In the Matter of MIRIAM L. HARTMAN (Admitted as MIRIAM LOIS HARTMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 29, 1999

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Paul W. Pickelle* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Miriam L. Hartman was admitted to the practice

of law in the State of New York by the Second Judicial Department on June 12, 1991, as Miriam Lois Hartman. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In October 1997, the Departmental Disciplinary Committee (Committee) served charges on respondent alleging that she engaged in professional misconduct by neglecting an estate matter, by failing to preserve clients' funds in her attorney escrow account, by writing three checks to cash from that account and by failing to cooperate with the Committee in its investigation. Pursuant to this Court's order, a Referee was appointed to hear and report on the charges. After the hearing, the Referee sustained the five charges against respondent and recommended that she be suspended from the practice of law for a period of six months.

Respondent testified at the hearing that she was married shortly after graduating from law school in 1988, and moved outside of the United States. During that time, she did not practice law and stayed at home with her two daughters. In 1995, respondent's father, George Hartman, also an attorney, was suffering from severe depression and was indefinitely suspended from the practice of law by this Court. Implored by her mother, respondent reluctantly agreed in late 1994 to return to New York to take over her father's practice due to his imminent suspension. Respondent assumed her father's practice in early 1995, when there were 30 to 40 open matters.

Charges One and Two arose from respondent's representation of an estate. The estate owned a cooperative apartment, and respondent's failure to properly administer the estate resulted in the assertion of liens and a foreclosure sale of the co-op in July 1995. A complaint was filed against respondent in January 1996 with respect to her neglect of the estate. Respondent did not respond to the Committee's repeated requests that she answer the complaint. Nor did she respond to the Committee's demands in July and September 1996 to appear at the Committee. When the Committee filed a motion to suspend her in November 1996, she began cooperating and the Committee withdrew the motion. At the hearing, respondent testified that she failed to respond to the Committee's inquiries because "I was very afraid and scared and I didn't really know what to do." The Referee sustained the first charge of neglecting a legal matter in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30). With respect to

her failure to cooperate, the Referee sustained the second charge of engaging in conduct prejudicial to the administration of justice (DR 1-102 [A] [5] [22 NYCRR 1200.3]).

Charges Three and Four relate to respondent's improper use of her attorney escrow account. In January 1997, respondent wrote a $5,000 check from the escrow account to a client which was returned for insufficient funds. At the hearing, respondent explained that her father had mistakenly deposited a $8,445.75 check in his own account rather than the escrow account, and she became aware of this error only when the check was dishonored. In March 1997, respondent fully repaid the client with her personal funds. On another occasion, respondent's escrow account had a negative balance due to her failure to timely deposit a monthly check received from a mortgagee. Additionally, respondent testified that she was unaware that writing checks to cash was a violation of the Disciplinary Rules. The Referee sustained Charge Three alleging the failure to preserve the identity of clients' funds in violation of DR 9-102 (A) and (B) (22 NYCRR 1200.46), and Charge Four alleging that respondent wrote three checks to cash in violation of DR 9-102 (E). Charge Five, alleging that respondent's conduct in each of the above matters adversely reflected upon her fitness to practice law (DR 1-102 [A] [8]), was also sustained.

The Committee recommended a sanction of public censure, conditioned on respondent's entering into a restitution agreement with the aforementioned estate. However, the Referee rejected the Committee's sanction recommendation and instead recommended a six-month suspension, with reinstatement being conditioned on respondent's diligent efforts in reaching a reimbursement agreement with the estate and full completion of a Continuing Legal Education Program. The Referee based his recommendation on the fact that respondent's neglect was accompanied by additional misconduct, and her apparently cavalier attitude regarding the practice of law. He concluded that respondent's misconduct lacked venality, but she also lacked the training, facilities and the will to practice law.

A Hearing Panel confirmed the Referee's findings and conclusions with respect to the charges, but disaffirmed the recommended sanction as unduly harsh. The Hearing Panel instead recommended that this Court impose a sanction of public censure. The Panel noted that respondent was an inexperienced, nonpracticing attorney when she returned to New York in 1994, and her misconduct arose from her efforts to assist her ailing father with his floundering law practice. It agreed

with the Referee that respondent's conduct lacked venality, and noted that the Committee had recommended a less severe sanction.

The Committee now moves pursuant to 22 NYCRR 603.4 (d) for an order confirming the findings of fact and conclusions of law in the Referee's report, as modified by the Hearing Panel's report, and imposing whatever sanction this Court deems proper and just. We believe that public censure is the appropriate sanction under the circumstances. Although neglect accompanied by other professional misconduct may warrant a suspension (*see, Matter of Scharf*, 213 AD2d 119), this case presents a unique situation where all of respondent's misconduct lacked venality, and it is apparent that she was unprepared from the start to meet the demands of her father's practice. While her misconduct cannot be condoned, a less severe sanction is warranted because her unpreparedness arose from family exigencies, and not her own negligence. Further, the Referee failed to give sufficient weight to respondent's renewed commitment, expressed at the second hearing session, to properly maintaining a scaled-down law practice from her home.

Accordingly, the Committee's motion to confirm the Referee's findings of fact and conclusions of law, as modified by the Hearing Panel to recommend a sanction of public censure, should be granted, and respondent publicly censured.

Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ., concur.

Petition granted, and respondent publicly censured.