[733 NYS2d 178]

In the Matter of JUAN KIP LENOIR, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 2001

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Juan Kip Lenoir,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Juan Kip Lenoir, was admitted to the practice of law in the State of New York by the First Judicial Department on October 6, 1975. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), for an order suspending respondent for a period of two years, or in the alternative, imposing whatever discipline the Court deems appropriate under the circumstances.

After deposing the respondent on January 12, August 17, and December 1, 1999, the Committee served respondent with a notice of statement of charges alleging that he neglected two personal injury actions entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30); engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in connection with one of the matters in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3); failed to file retaining and closing statements with the Office of Court Administration (OCA) in accordance with 22 NYCRR 603.7 in violation of DR 1-102 (a) (5); and, by virtue of the foregoing alleged misconduct, engaged in conduct that adversely reflects on his fitness to practice in violation of DR 1-102 (a) (8) (now [7]). Respondent served an answer dated December 7, 1999 admitting to the charge that he failed to file retaining and closing statements with OCA, but denying the remainder of the charges.

A disciplinary hearing was held before a Referee on January 20, March 8, and June 9, 2000, at which respondent appeared *pro se*. By a report dated November 1, 2000, the Referee sustained all but one of the charges and recommended a public censure. The Referee concluded that there was insufficient evidence to sustain Charge Two for fraud and dishonesty and dismissed this charge. However, the Referee did find that respondent had neglected Marise Bazile's action in violation of DR 6-101 (a) (3) by failing to file a timely motion to vacate the dismissal order and to perfect the appeal of that order. Based upon his admissions in his answer to the disciplinary charges as well as his hearing testimony, the Referee also found that respondent had failed to file retaining and closing statements with OCA thereby engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5) and, by virtue of the aforementioned conduct, it was found that respondent engaged in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (a) (8) (now [7]).

At the sanction hearing, three character witnesses appeared on behalf of respondent and he submitted a character letter. The Committee introduced two letters of admonition; one dated March 12, 1987 involving neglect, and the other dated September 5, 1995, involving the neglect of two matters and

misrepresentation to a client. The Referee also considered respondent's *pro bono* work, his service to the community, the absence of venality, and his wife's lengthy illness in 1993 through 1994 which required him to be out of the office most of the time since he was her only caregiver. Respondent testified that this was the time period when he had trouble keeping up with his practice due to the demands on his time because of her illness. Respondent's secretary testified that after respondent's wife had surgery in March 1994, it took an additional six months for him to be back in the office full-time. In addition, the complainant Mary Trowell is proceeding with respondent's representation of her in the matter that was the basis for her complaint to the Committee.

Although the Referee acknowledged that a period of suspension is usually imposed on an attorney who has neglected a legal matter and has been previously disciplined, she found that there was no deliberate misconduct here. Instead, she found respondent's neglect to be more in line with those cases where factors such as absence of venality, service to the community and family pressures were taken into account in allowing censure rather than a suspension even though respondent had a prior disciplinary history. Therefore, the Referee recommended respondent be "severely censured with the additional strong admonition that any future complaints, if valid, will be the basis for more severe disciplinary action."

The instant matter was heard before a Hearing Panel on January 16, 2001. At the sanction hearing the Committee had opposed censure and recommended a suspension of at least six months. However, before the Hearing Panel, the Committee reconsidered its position, concluded that in similar situations errant attorneys have often received public censure and recommended that the Referee's report be affirmed in its entirety. Respondent, appearing *pro se*, sought the same sanction acknowledging his failures.

In a report issued March 14, 2001, the Hearing Panel found no reason to disturb the judgment of the Referee that public censure was the appropriate sanction "particularly where Petitioner, after full consideration of the record, has joined the Respondent in seeking affirmance." The Panel specifically noted that some of the delay in the Trowell case was attributable to the inability to retain a medical expert, the client's lack of funds, respondent's wife's illness and that the matter was proceeding at the request of the client. Although the Panel agreed that respondent also neglected the Bazile matter, it noted that respondent apparently took on a "weak" case for a

part-time employee in his office on contingency and neglected the matter after he lost a summary judgment motion. While the Panel did find the neglect inexcusable, it noted that respondent's neglect was not accompanied by misrepresentation or a failure to cooperate which is often the case where attorneys are suspended for neglect. Finally, the Panel concurred with the Referee that this case is more akin to *Matter of Gould* (253 AD2d 233).

As an initial matter, we note that the instant motion only requests a two-year suspension or appropriate sanction. The Committee fails to seek the appropriate relief of confirmation of the findings of fact and conclusions of law and disaffirmance of the sanction recommendation. Therefore, we treat this motion as one to confirm in part. We find that the evidence presented established the four charges of professional misconduct against respondent by both the Referee and the Hearing Panel, and Charge Two was properly dismissed for lack of evidence of fraud or misrepresentation by respondent. As such, we confirm the findings of fact and conclusions of law.

We also find that public censure is the appropriate sanction under the circumstances (*Matter of Marrin*, 207 AD2d 239; *Matter of Hartman*, 259 AD2d 131). Although respondent's neglect was inexcusable, in the Bazile matter, the delay and inactivity was attributed to both respondent and the Attorney General's office. Moreover, respondent's neglect was not venal and was not accompanied by any other appreciable misconduct, to wit, fraud, or conversion of funds. While we are disturbed that respondent was issued two prior admonitions for neglect, the 1995 letter of admonition was rendered during the same period as his wife's lengthy illness and the instant misconduct. Indeed, once respondent, a solo practitioner, returned to work on a full-time basis, he was faced with a backlog of cases. In light of all the evidence in mitigation, including respondent's *pro bono* work as general counsel to the Harlem Interfaith Counseling Service, we find public censure the appropriate sanction.

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel and the recommended sanction of public censure.

TOM, J. P., MAZZARELLI, LERNER, SAXE and FRIEDMAN, JJ., concur.

Respondent publicly censured.