[791 NYS2d 534]

In the Matter of ANDREW F. PLASSE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 17, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Michael S. Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andrew F. Plasse was admitted to the practice of law in the State of New York by the Fourth Judicial Department on February 16, 1982. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department. Respondent was also admitted to the Massachusetts and Florida bars.

Respondent is charged by the Disciplinary Committee with 12 violations of the Disciplinary Rules (the statement of charges denotes 13 violations; due to a numbering error, there is no charge number eight). Charge One involved respondent's failure to pay a judgment obtained by a process server agency for approximately three years. Based upon respondent's failure to pay the judgment that length of time, he was charged with conduct prejudicial the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3).

Charges Two through Six involved respondent's knowing issuance of a check to an expert witness agency from an account with insufficient funds and then attempting to deceive the Committee concerning his efforts to make the check good. As a result of these incidents, respondent was charged with two violations of DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation), two violations of DR 1-102 (a) (7) (conduct that adversely reflected on his fitness as a lawyer), and a violation of DR 1-102 (a) (5) (conduct prejudicial to the administration of justice).

Charge Seven involves respondent's representation to a physical therapist that he would honor her claimed lien on a client's future settlement, then failing to do so. This resulted in respondent's being charged with conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (a) (7).

Charges Nine and Ten involve respondent's failure to obtain in a timely fashion an affidavit in support of a client's CPL article 440 motion to vacate a judgment of conviction or to

promptly return the client's retainer. These actions resulted in charges of failure to carry out a contract of employment in violation of DR 7-101 (a) (2) (22 NYCRR 1200.32) and failure to promptly pay to a client funds in the possession of the lawyer which the client is entitled to receive in violation of DR 9-102 (c) (4) (22 NYCRR 1200.46).

Charges Eleven through Thirteen relate to misleading statements made by the respondent in his personal bankruptcy petition. Essentially, it is alleged that respondent represented to the Bankruptcy Court that legal fees received had been used by his corporation to pay operating expenses when in fact, a considerable portion had been used to pay personal expenses. The Committee charged respondent with conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4), conduct that was prejudicial to the administration of justice in violation of DR 1-102 (a) (5), and conduct which adversely reflected on his fitness as a lawyer in violation of DR 1-102 (a) (7).

Respondent admitted all the charges. A hearing was held before a Referee on June 26, 2003 and respondent submitted evidence in mitigation. In aggravation, the Committee submitted a May 2, 2000 letter of admonition respondent received for neglecting a legal matter entrusted to him.

The Referee acknowledged all the foregoing information and recommended a suspension of two months. The Committee asked the Hearing Panel to sustain the Referee's findings but to lengthen the suspension period. Respondent urged a sanction of no greater than public censure be imposed.

The Hearing Panel, sua sponte, raised the issue of whether Charges Eleven through Thirteen should have been admitted by respondent and whether respondent's actions therein constituted a "cognizable wrong." After further briefing of the issue, the Hearing Panel issued a report recommending sustaining Charges One through Ten. After an extensive analysis of the Bankruptcy Code, the Panel did not dismiss or sustain Charges Eleven through Thirteen, although it did not accord those charges any weight in terms of sanction. The Hearing Panel recommended that respondent receive public censure for all of his misconduct. The Hearing Panel further recommended that, should we decide to impose a more severe sanction, the bankruptcy issue be remanded for a more complete fact finding.

The Committee moves to confirm the findings of fact sustaining all charges. The Committee argues that even without

considering the bankruptcy charges, respondent's admitted conduct is sufficient to warrant a term of suspension. Respondent argues that public censure is appropriate.

The record before us establishes violations of the disciplinary rules charged. Although the Hearing Panel raised questions regarding respondent's misconduct respecting his bankruptcy filing, it did not dismiss the charges. Moreover, respondent admitted, without qualification, to all of the charges. Since the facts have been established on this record, there is no need to remand for further fact finding regardless of the sanction imposed.

Turning to the issue of an appropriate sanction, neither the Committee nor respondent have provided cases closely on point. Those cases imposing suspension have involved conduct which was either more egregious or extensive. Likewise, the cases cited in support of public censure contain elements not present here, such as character evidence, community activities, respondent's medical history and the like.

We note that the majority of charges against respondent involved his failure to pay creditors which directly resulted from his serious financial situation. While this behavior is not acceptable, no clients were affected and payment has been made. On the other hand, the remaining charges are serious and respondent's failure to present any form of character evidence or community service is relevant on the issue of sanctions.

We have consistently held that public censure is an appropriate sanction in situations involving neglect, where the misconduct is aberrational, and the attorney has shown remorse and cooperation, even where there has been a prior admonition (*see Matter of Cohen,* 12 AD3d 29 [2004]). Here, respondent is a solo practitioner with severe financial problems. During the period in question, he faced a series of personal crises, including the illness and death of several family members, divorce, and serious financial pressures. Respondent has expressed his remorse, fully cooperated with the Committee, and successfully reduced his debt almost in half in a short period of time. His practice concentrates mostly on inmates pursuing civil rights or personal injury claims and a suspension would leave them without an attorney for that period of time. Although respondent's conduct is inexcusable, given all of the circumstances presented here, public censure is an appropriate sanction (*see Matter of Lenoir,* 287 AD2d 243 [2001]).

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact of the Hearing Panel and the recommended sanction of public censure.

MARLOW, J.P., NARDELLI, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent publicly censured.