[907 NYS2d 474]

In the Matter of VICTOR LAWRENCE K. ESSIEN (Admitted as VICTOR LAWRENCE KWESI ESSIEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 31, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Victor Lawrence Kwesi Essien*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Victor Lawrence K. Essien was admitted to the practice of law in the State of New York by the Second Judicial Department on July 31, 1985 under the name Victor Lawrence Kwesi Essien. At all times relevant to his misconduct, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 605.15 (e), confirming findings of misconduct by the Hearing Panel, but disaffirming the penalty of public censure recommended by the Hearing Panel to the extent of increasing the sanction to a suspension of no less than three months.

This disciplinary proceeding arises out of respondent's representation of a client who retained him in March 2005 to prosecute an action against Metro-North for injuries sustained in a trip and fall two months earlier. The client's wife also retained respondent to the extent respondent would make a loss of consortium claim. As a subsidiary of the Metropolitan Transportation Authority (MTA), Metro-North is subject to the Public Authorities Law, including a one-year-and-30-day statute of limitations (Public Authorities Law § 1276; *Burgess v Long Is. R.R. Auth.*, 79 NY2d 777 [1991]). In June 2005, the client, represented by respondent, was deposed by Metro-North pursuant to a Public Authorities Law § 1276 (4) hearing. Metro-North's attorneys denied having any contact with respondent until March 3, 2006, when he telephoned to discuss the case, and was informed that the statute of limitations had expired on February 15, 2006. Respondent was unable to demonstrate any efforts on the case between the Public Authorities Law hearing and that telephone call.

By correspondence dated March 13, 2006, respondent mailed a complaint to the client and his wife at their Maryland home with instructions to sign and return it. They did, but failed to notarize it. Respondent falsely notarized their signatures and filed the complaint on April 4, 2006, asserting that the "action was duly commenced within one year and ninety days after the . . . cause of action accrued." In opposition to Metro-North's motion to dismiss the complaint as untimely, respondent submitted an affirmation asserting that he had been lulled into delay-

ing filing the action by Metro-North's repeated promises that a settlement was imminent.

During an August 2006 conference call, the judge's law clerk recommended that respondent settle the matter for a small amount of money. He rejected an offer of $2,500, and in November 2006 the Court dismissed the complaint as time-barred.

Respondent testified before the Referee that he had not wanted to file a complaint or engage in motion practice "unless it became absolutely necessary," because the claim had only nuisance value, due to weak evidence of liability or injury, and he did not want to diminish the potential settlement amount. In addition, he thought he "had a good relationship or rapport" with opposing counsel and "did not expect them to get so hard-nosed," "insisting on the statute [of limitations]" over a "very small claim." Respondent asserted that he felt assured a settlement would be reached, but once counsel told him the statute of limitations had run, he felt no recourse but to file a complaint and hope that he could defeat a dismissal motion by invoking equitable estoppel, and thereby force Metro-North to negotiate; however, he believed that Metro-North's offer of $2,500 was insufficient. He stated that he knew the limitations period was one year and 30 days and therefore affirmed in the complaint that it had been duly commenced within one year and 90 days.

Respondent claimed that he had no intention of misleading anyone when he falsely notarized his clients' signatures as having been made in his presence, and he was merely trying to "speed up the process." He maintained that there was "nothing fraudulent" or "venal" about such action, which did "not harm anybody," although it was "wrong" and he promised not to do it again. He also stated that, at the time he wrote his affirmation in opposition to Metro-North's motion to dismiss, he sincerely believed that his failure to timely file a complaint was due to opposing counsels' settlement posture, notwithstanding the fact that, according to respondent's own version of events, he merely spoke to one attorney at the Public Authorities Law hearing, left a message after that, and subsequently asked for a transcript of the hearing from someone who did not identify himself over the telephone.

The Departmental Disciplinary Committee charged respondent with six counts for violating four disciplinary rules by neglecting a legal matter, falsely notarizing client submissions, and filing a false affirmation with the Court. The Referee found,

without specifying charges or disciplinary rules, that respondent had engaged in "misconduct by failing to file Court documents in a timely manner, by falsely notarizing his client's signature and by misrepresenting facts in an Affirmation filed with the Court," and, noting respondent's previously clean disciplinary record, his work helping people, and his claims that he had no "malicious intent," recommended a three-month suspension. The Hearing Panel sustained four of the six charges, and determined that a sanction of public censure was appropriate under the circumstances.

The Committee moves to confirm the Hearing Panel's findings of misconduct, but to disaffirm to the extent of increasing the sanction to a suspension of no less than three months. Respondent requests that the Hearing Panel's report be confirmed in all respects.

We confirm the Hearing Panel's findings and conclusions in their entirety. Respondent does not challenge the propriety of the Hearing Panel's sustaining of four charges against him. As to sanction, we have consistently held that public censure is an appropriate sanction in situations involving neglect, where, as here, the misconduct is aberrational, and the attorney has shown remorse and cooperation (*see Matter of Plasse*, 17 AD3d 33 [2005]; *Matter of Bryant*, 183 AD2d 147 [1992]). Public censure is also called for in cases of false notarization where, again, mitigating factors exist (*see Matter of Vignola*, 218 AD2d 310 [1996]). Indeed, given the mitigating circumstances here, including that respondent did not profit from his misconduct, we find that the sole misrepresentation in respondent's affirmation to Supreme Court concerning the extent of settlement negotiations between himself and the attorney for Metro-North is not enough to warrant the more serious sanction of suspension.

Accordingly, the Committee's petition should be granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, but denied to the extent it seeks to disaffirm the Hearing Panel's sanction recommendation of public censure, and respondent is publicly censured.

MAZZARELLI, J.P., SAXE, MOSKOWITZ, ACOSTA and RENWICK, JJ., concur.

Respondent publicly censured.