Matter of Waller (2025 NY Slip Op 02650)

Matter of Waller

2025 NY Slip Op 02650

Decided on May 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick Presiding Justice
Peter H. Moulton Lizbeth González Kelly O'Neill Levy Marsha D. Michael
Justices.

Motion No. 2025-01480|Case No. 2025-00771|

[*1]In the Matter of Matthew Benjamin Waller an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew Benjamin Waller (OCA Atty Reg. 4357554), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew Benjamin Waller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 31, 2005.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

In the Matter of Matthew Benjamin Waller, an attorney
 Per Curiam
Respondent Matthew Benjamin Waller was admitted to the practice of law in theState of New York by the First Judicial Department on October 31, 2005. Respondentmaintains a registered business address in the First Judicial Department.
In February 2025, the Attorney Grievance Committee (AGC) served respondentwith a notice and petition of charges (two charges) alleging professional misconductstemming from his improper notarization practices.
The parties now jointly move under (22 NYCRR) 1240.8(a)(5) for discipline byconsent and ask this Court to publicly censure respondent.
The motion is supported by a joint affirmation containing a statement of facts,conditional admissions of professional misconduct, factors in mitigation, and agreedupon discipline. It is also supported by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [iii]).
The parties stipulated to the following relevant facts:
Between March 2020 and June 2022, respondent, who is 45 years old, represented various clients, who had been incarcerated at Rikers Island, in lawsuits against the City of New York. During the aforementioned period, respondent offered over 200 times to complete settlement paperwork on his clients' behalf if they indicated they wished to accept the settlement. This included signing his clients' names on general releases, affidavits of status of liens, and then notarizing those signatures as if the clients had signed them.
In addition, on two occasions, two clients signed the settlement paperwork outside of respondent's presence and respondent notarized the clients' signatures later, even though the notary jurat stated that it was "sworn to before[respondent]."
Respondent now acknowledges that the conduct described above was wrong, he regrets his misconduct, and has not engaged in such misconduct since June 2022, prior to the AGC commencing its investigation.
Respondent admits that his actions, as set forth above, violated the two charges alleged in the petition of charges:
By signing more than 200 documents on his clients' behalf and then notarizing those documents, respondent engaged in conduct that involved dishonesty, fraud, deceit or misrepresentation, was prejudicial to the administration [*2]of justice, and adversely reflected upon his fitness as a lawyer in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(c), 8.4(d), and 8.4(h).
By notarizing two documents that his clients signed outside of his presence, respondent engaged in conduct that involved dishonesty, fraud, deceit or misrepresentation, was prejudicial to the administration of justice, and adversely reflected upon his fitness as a lawyer in violation of rules 8.4(c), 8.4(d), and 8.4(h).
The parties have stipulated that "[t]here are no aggravating factors present in this case."
The parties have also stipulated to the following mitigation:
Respondent has no disciplinary history; he fully cooperated with the AGC's investigation from its inception; and respondent acknowledged his misconduct during his October 29, 2024, examination under oath before the AGC and expressed remorse for it. Significantly, respondent freely admitted to the AGC that he signed his clients' signatures over 200 times. If not for this admission, the AGC would have had no practical way to ascertain how many times he did so. Therefore, respondent should be credited for his honesty and cooperation with the AGC's investigation.
There is no evidence that respondent had any venal intent in signing his clients' signatures. Indeed, it appears that he had permission from his clients to do so; and this practice was not motivated by greed or larcenous intent, but by expediency and a fear of COVID exposure.
Respondent represents incarcerated individuals, a vulnerable and underserved community in the legal process; and his nine references (five from attorneys) demonstrate his good character.
The parties agree that a public censure is the appropriate sanction herein. They argue "that when considering the totality of the circumstances, including respondent's non-venal intent, the Court's precedent, and the significant mitigating factors present, respondent should receive a public censure."
They cite Matter of Land (299 AD2d 83 [1st Dept 2002]), in which a censure wasimposed for, inter alia, signing nine clients' names to affidavits with their permission and then notarizing the signatures as if the affidavits had actually been signed and sworn to before Land. A tenth affidavit was signed by the affiant and faxed to Land whothen notarized the affidavit without the affiant's presence (see also Matter of Essien, 77 AD3d 237 [1st Dept 2010]; Matter of Vignola, 218 AD2d 310 [1st Dept 1996]).
Accordingly, in light of respondent's nonvenal misconduct, the lack of aggravation, the mitigating factors presented, and the relevant case law, with which the requested sanction is in general accord, the parties' joint motion should be granted, public censure imposed, and the petition of charges denied as moot.
All concur.
Wherefore, it is Ordered that the parties' joint motion for discipline by consent pursuant to the Rules for Attorney Disciplinary Matters 22 NYCRR § 1240.8(a)(5), is granted, respondent [*3]Matthew Benjamin Waller is publicly censured, and the petition of charges denied as moot.
Entered: May 1, 2025